UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS,

    Plaintiff,

v.

          CASE NO. 2:18-CV-144

          HON. ROBERT J. JONKER

HEIDI WASHINGTON, *et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 31) and Defendant's Objections (ECF No. 32). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends denying Defendant's motion for summary judgment based on failure to exhaust (ECF No. 18), factually sound and legally correct.[1]

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. He properly found that Defendant failed to show the absence of a genuine issue as to material fact relating to Plaintiff's exhaustion of administrative remedies. Invoking *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011), Defendant premises her objections primarily on Plaintiff's alleged failure to raise retaliation during the hearing on his misconduct ticket.[2] She claims that *Siggers* requires a prisoner to exhaust a retaliation claim based on a misconduct ticket during the misconduct hearing itself, rather than in a separate grievance.

The Magistrate Judge considered *Siggers* and found that even if Plaintiff failed to mention retaliation in his misconduct hearing, record evidence indicates that Plaintiff raised the issue during his appeal. (ECF No. 21-1, PageID.150.) The officer deciding the appeal did not rely on a procedural default alone – at least not on this record. And so the present record does not rule out a waiver of any exhaustion problem. *See Reed-Bay v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("An exception to this rule [requiring complete exhaustion in the manner the State provides] is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits."). The Magistrate Judge properly concluded that because the record does not establish that Plaintiff failed to exhaust his administrative remedies, Defendant is not entitled to summary judgment based on failure to exhaust.[3] None of Defendant's objections change this fundamental analysis.

---

[1] The Report and Recommendation also recommends denying Plaintiff's Motion for Temporary Restraining Order (ECF No. 4). Plaintiff has filed no objection, and the deadline for objection has passed.
[2] Plaintiff includes an unsworn statement in his motion papers that he did raise retaliation to the RUM in charge of the hearing and that the officer omitted the claim from the misconduct hearing report. (ECF No. 28, PageID.209.)
[3] The Court also notes that Defendant's interpretation of *Siggers* may be overbroad. If the prisoner disputes the conduct the ticket alleges, it makes sense to require exhaustion during the hearing because the factual basis of the ticket is implicated. A retaliatory motive undermines the credibility of the officer's statement, which is usually the primary

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 31), as amplified by this Order, is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**.

3. Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

Dated:  September 26, 2019        /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

evidence in the case and is necessarily part of the hearing. But when the prisoner does not dispute the conduct charged in the ticket, but claims that the officer actually wrote the misconduct charge to retaliate, when he or she would not have written the ticket otherwise, *Siggers* may not require the prisoner to raise the issue in the misconduct proceeding. The grievance process would typically be available in this instance. *See* MDOC Policy Directive 03.02.130 ¶ J(9) (prohibiting a prisoner from "grieving a decision made in a Class I misconduct hearing…."). The Court also notes that an earlier unpublished decision of the Sixth Circuit, *Reynolds-Bey v. Harris*, 428 F. App'x 493 (6th Cir. 2011), suggests the filing of retaliatory misconduct reports is a grievable issue under the MDOC policy directives.