UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DONNELL WILLIAMS #225280, | Case No. 2:18-cv-00144 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| | U.S. District Judge |
| v. | |
| LISA BELANGER, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**

### I.  Introduction

State prisoner Donnell Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2018.  Williams only remaining claim is based on events that occurred while he was imprisoned at Chippewa Correctional Facility (URF). Williams says that Sergeant (Sgt.) Belanger retaliated against him, in violation of his First Amendment rights, by issuing him a false Interference-with-the-Administration-of-Rules Class II misconduct ticket on July 24, 2018, because he submitted a complaint against Prison Counselor (PC) Newton to the Prison Rape Elimination Act (PREA) system.  Sgt. Belanger is the only remaining Defendant.

This report and recommendation (R&R) addresses motions for summary judgment filed by Williams (ECF No. 59) and Belanger (ECF No. 61).

As will be explained below, the undersigned concludes that Williams did not engage in protected conduct and that Sgt. Belanger has shown that she had a valid,

1

non-retaliatory reason for issuing a misconduct ticket to Williams. Accordingly, the undersigned respectfully recommends that the Court should (1) deny Williams's motion (ECF No. 59), grant Sgt. Belanger's motion (ECF No. 61), and (3) dismiss Williams's remaining claim with prejudice.

## II. Additional Relevant Procedural History

On August 29, 2018, Williams filed a verified complaint in federal court. (ECF No. 1.) In his verified complaint, he alleged a series of Eighth Amendment deliberate indifference and First Amendment retaliation claims against 35 Defendants. All the Defendants were MDOC employees. The Defendants worked at two MDOC facilities: URF and the Alger Correctional Facility (LMF).

On November 28, 2018, Chief U.S. District Judge Jonker issued a screening opinion and order.[1] In the order, the Court dismissed every claim against every Defendant, except for Williams's First Amendment retaliation claim against Sgt. Belanger. The Court ruled that Williams failed to allege sufficient facts to support his other claims.

On November 30, 2018, the Court stayed the case and referred it to the Prisoner Early Mediation (PEM) program. (ECF No. 9.) The case failed to settle in PEM. (ECF Nos. 10, 12, and 13.)

On March 3, 2018, Sgt. Belanger filed a summary judgment motion and supporting brief that only argued that Williams failed to properly exhaust his claim

---

[1] This case was re-assigned to U.S. District Judge Jarbou on September 28, 2020. (ECF No. 69.)

2

against her. (ECF Nos. 18, 19.) Williams responded and Sgt. Belanger replied. (ECF Nos. 21, 24.) The Court issued a R&R that recommended the Sgt. Belanger's motion be denied because a genuine issue of material fact remained. (ECF No. 31.) Over Sgt. Belanger's objection (ECF No.32), the Court adopted the R&R. (ECF No. 38.)

On January 24, 2020, Williams filed a motion to compel the discovery for several different items (ECF No. 44), and a motion to appoint counsel and for the recusal of the Michigan Attorney General's Office (ECF No. 57). Williams also filed a supporting affidavit supporting his motion to compel discovery. (ECF No. 46.) Sgt. Belanger responded in opposition to the motion to compel discovery. (ECF No. 51.) The Court issued an order denying Williams's motions. (ECF No. 63.) The Court specifically denied the motion to compel discovery (1) because Williams failed to comply with the Local Rules, and (2) because Williams failed to provide a reason for why he needed the evidence. Williams has filed a motion requesting the Court to reconsider these rulings. (ECF No. 67.) This motion for reconsideration is pending.

On March 19, 2020, Williams filed a motion for summary judgment and a supporting brief.[2] (ECF No. 59.) He argues that there is sufficient evidence to entitle him to summary judgment on the merits. Sgt. Belanger has not responded. Instead, on April 8, 2020, Sgt. Belanger filed her own motion for summary judgment and supporting brief, which argued that she is entitled to summary judgment as to

---

[2]    Williams's brief in support of his motion was filed more than a month later. (ECF No. 64.)

Williams's First Amendment retaliation claim against her. (ECF Nos. 61, 62.) Williams has not responded.

### III. Summary of Plaintiff's Remaining Allegation[3]

Williams alleges that on July 24, 2018, Sgt. Belanger filed a Class II misconduct ticket against him because he filed a complaint against Prison Counselor (PC) Newton. (ECF No. 1, PageID.12.) Williams says that he saw a number of Corrections Officers (COs) sexually abuse another prisoner – Inmate Payton, #571203 – on July 3, 2018. Williams filed a third-party[4] PREA grievance based on this event on July 6, 2018. Williams claims that PC Newton removed his third-party PREA grievance from a kite box.[5] (*Id.*) In response, Plaintiff filed a PREA complaint against PC Newton using the PREA hotline. (*Id.*) Following these events, Sgt. Belanger allegedly wrote a Class II misconduct report against Williams for Interfering with Administrative Rules based on the "false" complaint that Plaintiff filed against PC Newton on the PREA hotline.

### IV. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to

---

[3] A summary of Williams's complaints against the other 34 Defendants named in this case is included in the Court's screening opinion and will not be repeated here. (See ECF No. 7, PageID.71-80.)

[4] A third-party grievance is simply a PREA grievance submitted by another on behalf of a prisoner. Third-party PREA grievances are allowed, provided the victim signs the grievance. (*See* ECF No. 62-6, PageID.437 (MDOC Policy Directive (PD) 03.03.140, ¶¶ MM, NN).)

[5] A kite is an inter-prison piece of mail and a kite box is where prisoners submit the kites to have it mailed within the prison facility.

4

judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

V.    **Analysis**

Sgt. Belanger contends that she is entitled to summary judgment as to Williams's First Amendment retaliation claim for two reasons. (ECF No. 62.) First, Belanger says that Williams failed to establish a cognizable First Amendment claim because Williams did not engage in protected conduct. Second, she asserts that she issued Williams the Class II misconduct for a valid, non-retaliatory reason. The undersigned agrees with both of Sgt. Belanger's arguments.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish (1) that he was engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in

that conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In addition, the Sixth Circuit has employed a burden-shifting approach:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Thaddeus-X,* 175 F.3d at 399.

The Sixth Circuit has explained that "protected conduct includes a prisoner's 'undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hill v. Lappin*, 630 F.3d 468, 472 (2010) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000)). "If the grievances are frivolous, however, this right is not protected." *Id*. Prisoners "cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives." *Smith*, 250 F.3d at 1037. "'Abusive or manipulative use of a grievance system [is] not ... protected conduct,' and prison officials may take action in response to the prisoner's improper use of the grievance process as long as the response aligns with a legitimate penological goal." *Griffin v. Berghuis*, 563 F. App'x 411, 416 (6th Cir. 2014) (quoting *King v. Zamiara,* 680 F.3d 686, 699 (6th Cir. 2012)).

6

Due to the convoluted nature of Williams's claims, it is necessary to start this analysis with a timeline of events and filings.  First, Williams filed a PREA grievance on behalf of another prisoner on **July 6, 2018**.  It is shown below.



(ECF No. 62-3, PageID.375.)  This PREA grievance alleges sexual misconduct against another inmate – Inmate Payton, #571203 – on July 3, 2018.  Payton did not sign the grievance.

Williams's complaint alleges that PC Newton removed this PREA grievance from a kite box the same day it was filed, on **July 6, 2018**.  The portion of Williams's complaint containing this allegation is shown below.

> 64). On July 06, 2018, around 9:40, 9:50am PC Newton removed the third party PREA grievance out of the unit kite box. The defendant can be seen on camera removing the documentation from the box. This took place in C-Unit Defendant Newton is the PC in D-Unit. PC Wonnacott is the PC in C-Unit. Plaintiff filed a complaint with the PREA Hotline and request for all camera and documentation
>
> ( 12 )
>
> Case 2:18-cv-00144-HYJ-MV  ECF No. 1, PageID.13  Filed 08/29/18  Page 13 of 16
>
> to be held for investigation purposes.

(ECF No. 1, PageID.12-13.)

Williams's complaint indicates that he contacted the PREA hotline with his complaints against Newton. (*Id.*)

An email to Sgt. Belanger dated **July 19, 2018** confirms that MDOC received Williams's PREA grievance from July 6 and a subsequent PREA hotline message from Williams on this subject. This email is shown below.

> **Belanger, Lisa M. (MDOC)**
>
> From: Silsbury, Matthew A. (MDOC)
> Sent: Thursday, July 19, 2018 8:38 AM
> To: Belanger, Lisa M. (MDOC)
> Subject: FW: PREA Hotline Message (Williams: 225280)
>
> Importance: High
>
> **HOTLINE REFERRAL**
>
> **If the allegation(s) indicated below are not currently under investigation please speak with the offender and refer for possible investigation.**
>
> Prisoner Name: Donnell Williams
> Prisoner Number: 225280
> Facility: URF
>
> Details: Filed a PREA investigation on C/Os Centipenny, Dewight, and Chicko. On July 3, 2018, he witnessed another inmate (571203) being strip searched on the small yard. On July 6, 2018, he processed a PREA grievance and put a kite in. PC Candace Newton moved him to another unit in retaliation for filing a grievance on her. C/O Chicko moved him to another unit in retaliation. On July 6, 2018, Candace Newton grabbed the 3rd party PREA grievance that he put in for inmate 571203. He has not received a response and has filed a grievance with the Grievance Coordinator. Sgt. Belanger has violated his due process. He has filed numerous complaints on Sgt. Belanger. C. Carlson (PREA Manager) and Matt Silsbury are covering these incidents up.
>
> Date/Time: July 18, 2018. 6:09AM

(ECF No. 62-3, PageID.376.)

At some point prior to July 23, 2018, the MDOC responded to Williams's PREA hotline complaints. There is no record of the response. However, on July 23, 2018, Williams requested a Step II appeal form to challenge the response. His hand-written message to Sgt. Belanger is shown below.

9



(*Id.*, PageID.380.)

Sgt. Belanger responded to Williams regarding his request to proceed to Step II on **July 23, 2018**. Her memorandum to Williams is shown below.

DATE: July 23, 2018

TO: Williams 225280 C-154

FROM: Sgt. L. Belanger, PREA Office
Chippewa Correctional Facility

SUBJECT: PREA Hotline Complaints

Investigations initiated due to a PREA Hotline complaint and not a Step I PREA grievance cannot be appealed to Step II, therefor you are not entitled to a Step II PREA grievance per Policy. If no investigation was initiated due to the PREA Hotline complaint, then you would also not be entitled to a Step II PREA grievance per policy.

(*Id.*, PageID.379.)

10

That same day, Sgt. Belanger wrote a memorandum to Warden Horton that recommended that Williams be charged with making false allegations against staff. That memorandum is shown below.

DATE: July 23, 2018

TO: Connie Horton, Warden
Chippewa Correctional Facility

FROM: Sgt. L. Belanger, PREA Office
Chippewa Correctional Facility

SUBJECT: Interference with the Administration of Rules Misconduct

Please see the attached Hotline Complaints. Prisoner Williams 225280 continues to call the PREA hotline almost daily making the same allegations that have already been investigated and now the prisoner is alleging that PC Newton took a PREA grievance out of the grievance box and destroyed it. This is false as I have attached a copy of the grievance to this memo. Prisoner Williams filed a third party PREA grievance and failed to have the third-party prisoner sign the grievance, per policy this will result in the grievance being immediately dismissed. Prisoner Williams is not entitled to any response by the Department concerning the third-party grievance. It is my recommendation that prisoner Williams 225280 be written a misconduct for the allegation that he made against staff.
If this allegation had been proven true the staff member would have faced disciplinary action. Thank you for your consideration.

Sgt. Belanger



Concur.
Horton.
7/23/18

(*Id.*, PageID.384.) This memorandum discusses Williams's PREA grievance on behalf of Inmate Payton and notes that Williams did not obtain Payton's signature, which would trigger immediate dismissal of the grievance. Sgt. Belanger's memorandum also counters Williams's claim that Newton destroyed this grievance. The hand-written note at the bottom of the memorandum indicates Warden Horton's concurrence with Sgt. Belanger's recommendation.

Sgt. Belanger issued a Class II misconduct ticket against Williams the next day. A portion of this ticket is shown below.

| MICHIGAN DEPARTMENT OF CORRECTIONS | | | | | CSJ-228 10/10 4835-3228 |
|---|---|---|---|---|---|
| **MISCONDUCT REPORT** | | | | | |
| Prisoner Number: 225280 | Prisoner Name: Williams | | Facility Code: URF | Lock: C-154 | Violation Date: 7/19/2018 |
| Time and Place of Violation: 0610 C unit prisoner phone | | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date _____ | | ☒ N/A | |
| Misconduct Class: ☐ I  ☒ II  ☐ III | | Charge(s): Interferrence With the Administration of Rules | | | |
| Describe Violation (If contraband involved, describe in detail; identify any other employee witnesses): Prisoner Williams 225280 called the PREA hotline on multiple dates including 7/19/18 alleging that PC Newton removed and destroyed a third party PREA grievance that he filed. The grievance was received in the PREA office. There is No Evidence to support this allegation. Had this allegation been proven true PC Newton would have faced disciplinary action. Prisoner Williams knowingly made a false claim of misconduct against PC Newton intending to impede the disciplinary process. ID by state ID and Otis face sheet | | | | | |
| Reporting Staff Member's Name (Print) Sgt. Belanger | | Reporting Staff Member's Signature | | Date and Time Written 7/24/2018 1315 | |

(*Id.*, PageID.385.)

Resident Unit Manager (RUM) Thompson conducted a hearing on this ticket on July 31, 2018. He found Williams guilty. His hearing report is shown below.

12

> [Michigan Department of Corrections Class II and III Misconduct Hearing Report for Prisoner Williams #225280, URF West, Violation Date 7/19/18. Misconduct Charge: 423 Interference With the Administration of Rules. Plea: Not Guilty.
>
> Hearing Report: Sgt Belanger stated that Prisoner Williams called the PREA hotline on multiple dates alleging that PC Newton removed and destroyed a third party PREA grievance that he filed. Sgt Belanger added that grievance was received in the PREA office and that there is no evidence to support this allegation. Prisoner Williams stated, "I turned my PREA grievance in and PC Newton removed it from the box illeagly."
>
> Reasons for findings: Prisoner Williams is found guilty based on his and Sgt Belanger's statements. This respondent finds Sgt Belanger to be credible in that Prisoner Williams made false allegations on PC Newton for destroying his PREA grievance.
>
> Findings: Charge 1 Guilty, CMIS Code 423.]

(ECF No. 62-4, PageID.387.)

The undersigned concludes that Williams did not engage in protected conduct for three reasons. First, Williams's initial PREA grievance, which he filed on July 6, 2018, was invalid. Williams filed this PREA grievance on behalf of another prisoner: Inmate Payton, #571203. Williams signed on the line designated for the victim's signature. He did not sign on the line for the filer of the grievance. And Payton did not sign the grievance. MDOC Policy Directive (PD) 03.03.140 does not allow a third party to file a PREA grievance on behalf of another inmate without obtaining the victim's signature. Paragraph NN of that PD provides as follows:

13

> NN. If a PREA Grievance alleging sexual abuse is filed by a third party on behalf of a prisoner, the alleged victim must sign the PREA Grievance authorizing the grievance to be filed on his/her behalf. Failure to sign the grievance will result in the grievance being immediately dismissed. All Department responses to grievances filed by a third party shall be provided to the prisoner on whose behalf the grievance was filed. Any issues other than sexual abuse addressed in third party grievances shall be denied in accordance with this policy.

(ECF No. 62-6, PageID.437.) Thus, Williams's initial third-party grievance was invalid and subject to immediate dismissal.

Second, the record before the Court indicates that Williams's claim against PC Newton – that she removed his July 6 PREA grievance from a kite box, presumably to destroy it – is proven false by the record.[6] As an initial matter, the undersigned notes that Williams's complaint against PC Newton only make sense if she were attempting to intercept the grievance in order to prevent it from being addressed within the PREA system. The record here, however, shows that this grievance was entered into the system. Sgt. Belanger's motion for summary judgment includes an affidavit by Duncan Martin, who served as the PREA coordinator at URF. (ECF No. 62-7.) As part of his job, he maintained records relating to PREA grievances and complaints. (*Id.*, PageID.444.) Martin attests that he received Williams's PREA grievance from July 6, 2018. In addition, Sgt. Belanger's motion for summary judgment includes the document that Williams claims was intercepted by Newton. Furthermore, the MDOC's internal communications from July 2018 include repeated

---

[6]   In addition, the undersigned notes two issues as to Williams's complaint against PC Newton that are not fully developed by the record. First, there is no evidence establishing that PC Newton lacks the authority to remove a PREA grievance from a kite box for a legitimate purpose. Second, it is unclear that the type of complaint against PC Newton falls within one of permitted categories of allegations that may be submitted through the PREA hotline, pursuant to MDOC PD 03.03.140 (ECF No. 62-2).

references to Williams's PREA grievance. (*See* ECF No. 62-3, PageID.387 (Silsbury's July 19 email to Sgt. Belanger), PageID.384 (Sgt. Belanger's July 23 memorandum to Warden Horton).) Thus, even if Williams's July 6 PREA grievance were valid, his claim that PC Newton intercepted this grievance is contradicted by the record because this grievance was received by the URF PREA coordinator.

Third, the MDOC's administrative decision, which is shown above, supports the conclusion that Williams's account was false.

Williams's retaliation claim against Sgt. Belanger is based on a weak foundation: an invalid PREA grievance that was subject to immediate dismissal. His claim that this invalid grievance was illegally removed (presumably to be destroyed) is contradicted by the record. And Williams's claims were found to lack credibility in a hearing in the prison. Based on this record, the undersigned concludes that Williams's supposed protected conduct was based on invalid and false claims and is, therefore, frivolous.

The undersigned also concludes that Sgt. Belanger has met her burden under the burden-shifting approach in *Thaddeus-X,* 175 F.3d at 399, because she has shown that she wrote a misconduct ticket against Williams for a valid, non-retaliatory reason. The MDOC's Policy Directive on PREA and prohibited sexual conduct specifically notes that a prisoner who makes allegations of sexual abuse on a PREA grievance that are subsequently proven false may be disciplined. (ECF No. 62-6, PageID.438 (MDOC PD 03.03.140, ¶ QQ).) As noted above, the MDOC found that Williams made a false allegation against Newton (*see* ECF No. 62-4, PageID.387),

and the record here confirms this conclusion. In addition, Sgt. Belanger obtained URF Warden Horton's concurrence before writing the misconduct ticket against Williams. (*See* ECF No. 62-3, PageID.384 (memorandum from Sgt. Belanger with Horton's annotation).) Accordingly, the undersigned concludes that Sgt. Belanger has established that she wrote the misconduct ticket against Williams for a valid, non-retaliatory reason.

## VI. Recommendation

The undersigned respectfully recommends that this Court (1) grant Sgt. Belanger's summary judgment motion (ECF No. 61), (2) deny Williams's summary judgment motion (ECF No. 59), and (3) dismiss Williams's only remaining claim. If the Court accepts this recommendation, the case will be dismissed.

Dated:  January 4, 2021                                    /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).